UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CRAIG CORTES,<br><br>            Plaintiff,<br><br>     v.<br><br>MASS. ELECTRIC CONSTRUCTION CO.,<br><br>            Defendant. | Case No.  25-cv-03498-JSC<br><br>**ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 37 |

United States District Court
Northern District of California

        Plaintiff Craig Cortes, on behalf of himself and a putative class, brings various wage-and-hour claims against his former employer, Defendant Mass. Electric Construction Co.  (Dkt. No. 1-1.)[1]  Plaintiff alleges Defendant violated the California Labor Code and California's Unfair Competition Law by failing to pay minimum wages and overtime and by failing to provide meal breaks, rest breaks, and accurate wage statements.  Defendant moves for summary judgment on all claims.  (Dkt. No. 37.)  After carefully considering the parties' submissions, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and VACATES the July 2, 2026 hearing.  For the reasons set forth below, the Court GRANTS Defendant's motion as to Plaintiff's second, third, and fourth cause of action, as well as the portions of causes of action 5 through 8 which derive from those claims.  The Court DENIES Defendant's motion as to Plaintiff's remaining claims and Defendant's request for sanctions.

## BACKGROUND

        Plaintiff alleges he and other class members "worked at Defendant[']s behest without, at

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

times, being paid all wages due." (Dkt. No. 1-1 ¶ 13.) Specifically, Defendant "rounded hours worked to the detriment" of class members and "requir[ed]" class members to work "off the clock," "wait in line in order to clock in for their shifts and at the end of their meal breaks," and "wait for transport to/from the worksites […] without pay." (*Id.* ¶¶ 13-15.) Defendant also "had a policy or practice of failing to pay [… the] true and correct overtime compensation at premium overtime rates;" "failed, at times, to provide all the legally required" meal and rest breaks; and "failed, at times, to issue accurate itemized wage statements" because "the wage statements […] failed to accurately list the amount of total hours worked," "account for […] off the clock work," or "accurately account for premium pay for deficiently provided" meal and rest periods. (*Id.* ¶¶ 21-28.)

Accordingly, Plaintiff brings claims for:

(1) "failure to pay minimum wages" under California Labor Code § 1194(a),

(2) "failure to pay wages and overtime under Labor Code § 510,"

(3) "meal-period liability under Labor Code § 226.7,"

(4) "rest-break liability under Labor Code § 226.7,"

(5) "violation of Labor Code § 226(a)," which requires employers to provide accurate wage statements,

(6) "violation of Labor Code § 203," which requires employers timely payment of wages upon separation,

(7) "failure to keep required payroll records under Labor Code § 1174 and 1174.5," which requires employers to keep accurate time and wage records, and

(8) violation of California's Unfair Competition Law ("UCL").

(*Id.* ¶¶ 45-106.)

Causes of action 1 and 5 through 8 are derivative of Plaintiff's other claims. The first cause of action (failure to pay minimum wages) relies on Plaintiff's allegations regarding "off the clock work and unlawful rounding of hours," overtime, and meal and rest periods. (*Id.* ¶¶ 46, 50.) The fifth cause of action (inaccurate wage statements) alleges wage statements were inaccurate because they did not (1) "list the amount of total hours worked," (2) "account for […] under-

2

reported […] off the clock work," or (3) "account for premium pay for deficiently provided" meal and rest periods. (*Id.* ¶ 81.) The sixth cause of action (waiting time penalties) reiterates allegations regarding "regular and overtime wages," "off the clock work," and meal and rest periods. (*Id.* ¶ 90.) The seventh cause of action (failure to keep payroll records) alleges Defendant's records were inaccurate because Defendant "fail[ed] to pay […] proper wages, overtime, and premium pay as discussed above." (*Id.* ¶ 95.) And the eighth cause of action (UCL) derives from every preceding claim. (*See generally id.* ¶¶ 96-106.)

Additionally, one of Defendant's managerial employees attests (and Plaintiff does not dispute) during Plaintiff's employment, "Plaintiff was a member of a union, International Brotherhood of Electrical Workers Local 302," and his union was a signatory to two collective bargaining agreements: a Project Labor Agreement for the oil refinery project and an Inside Wireman Agreement, which provided "[t]he terms and conditions of Plaintiff's" employment with Defendant. (Dkt. No. 37-1 ¶¶ 10-15.)

As relevant here, Section 8 of the Project Labor Agreement provides a "Grievance Procedure," which defines "grievance" as "any question arising out of and during the term of this Agreement involving its interpretation and application []other than jurisdictional disputes or successorship[.]" (Dkt. No. 37-2 at 18.) Under Section 8.4, "[g]rievances shall be settled according to" a four-step arbitration procedure outlined in the agreement. (*Id.*) And under Section 8.3, "[a] grievance shall be considered null and void if not brought to the attention of the Employer(s) within 5 working days after the incident that initiated the alleged grievance occurred or was discovered, whichever is later." (*Id.*) Defendant's employee attests "[d]uring Plaintiff's employment, neither Plaintiff nor the Union initiated the Project Labor Agreement's grievance procedure […] on behalf of Plaintiff related to any allegations or claims" in this case. (Dkt. No. 37-1 ¶ 17.)

## DISCUSSION

Defendant argues Plaintiff's second, third, and fourth causes of action are subject to statutory exemptions, and Plaintiff's remaining claims fail to the extent they derive from those

3

claims.[2]  Plaintiff agrees causes of action 2 through 4 should be dismissed for this reason, and does not dispute his remaining claims should be dismissed to the extent they derive from his overtime and meal and rest period claims.  (*See* Dkt. No. 38 at 1; *see generally id.*)  Accordingly, the Court grants Defendant's motion as to Plaintiff's second, third, and fourth causes of action and any claims which derive from his overtime and meal and rest period claims.[3]

Plaintiff correctly asserts, however, his first cause of action alleges a Labor Code § 1194 failure-to-pay-minimum-wages claim that is independent of his overtime claim.  (*See, e.g.*, Dkt. No. 1-1 ¶¶ 46, 50 (alleging Defendant failed to pay for "off the clock work" and "unlawful[ly] round[ed] hours").  In reply, Defendant asserts, without evidence or explanation, such a claim is "factually implausible (if not impossible)," and notes it will seek further discovery on this claim.  (*See* Dkt. No. 40 at 4-5 (cleaned up).)  So, Defendant has not met its burden to show there is no genuine dispute of material fact with respect to the "off the clock" and "rounded hours" portion of Plaintiff's first cause of action and the claims in causes of action 5-8 which derive from that portion of the first cause of action.  Accordingly, the Court denies Defendant's motion with respect to those claims.

Separately, Defendant requests the Court award sanctions under 28 U.S.C. § 1927.  The statute provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the

---

[2] Defendant asserts California Labor Code Section 514 exempts Plaintiff's second cause of action, which is brought under California Labor Code Section 510.  *See* Cal. Lab. Code § 514 ("Section[] 510 […] do[es] not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked[.]")  Similarly, Section 226.7(e) exempts Plaintiff's third and fourth cause of action, which are brought under Section 226.7.  *See* Cal. Lab. Code § 226.7(e) ("This section shall not apply to an employe who is exempt from meal or rest or recovery period requirements pursuant to other state laws, including [… an] order of the Industrial Wage Commission.")

[3] Defendant also argues summary judgment should be entered on all of Plaintiff's claims because Plaintiff did not submit any claim to the Project Labor Agreement's mandatory grievance procedure.  Plaintiff responds the grievance procedure applies only to questions "arising out of" the agreement, and therefore the "grievance procedures fail to clearly and unmistakably waive Plaintiff's right to a judicial forum" with respect to statutory claims.  (Dkt. No. 38 at 5.)  Defendant concedes this argument in reply, reiterating "this Court should grant [Defendant] summary judgment on Plaintiff's second, third, and fourth claims" due to Plaintiff's failure to "timely grieve" those claims.  (Dkt. No. 39 at 5-6.)

4

United States District Court
Northern District of California

proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Defendant requests the Court "order Plaintiff to pay [Defendant's] reasonable attorney's fees and costs associated with this Motion as it relates to Plaintiff's second, third, and fourth causes of action." (Dkt. No. 39 at 4.) Plaintiff's opposition concedes those causes of action "are exempted" under the Labor Code and applicable wage orders. (Dkt. No. 38 at 1; *see* Dkt. No. 37 at 10-15). But Defendant emphasizes Plaintiff did not concede the applicability of those exemptions in a related case. In that case, Plaintiff filed a motion to remand, which this Court granted by Order dated December 18, 2025, and in that motion, Plaintiff briefly stated he "does not concede the applicability of th[ose] exemptions asserted by Defendant." *See Cortes v. Mass Elec. Constr. Co.*, No. 25-CV-06714-JSC, 2025 WL 3685194 (N.D. Cal. Dec. 18, 2025); (*id.* Dkt. No. 12 at 11.) Defendant asserts Plaintiff's prior position in the now-remanded case "was facially unreasonable given the information provided at removal and throughout this case. [Defendant] should not have been required to expend the time and resources necessary to file this Motion […] when Plaintiff clearly knew—or should have known—that these claims were meritless." (Dkt. No. 39 at 4.)

The Court denies Defendant's request for sanctions. "A prerequisite to the imposition of Section 1927 sanctions is that the attorney's conduct be in bad faith. Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Soules v. Kauaians for Nukolii Campaign Comm.*, 849 F.2d 1176, 1185 (9th Cir. 1988). "Tactics undertaken with the intent to increase expenses or delay may also support a finding of bad faith." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989) (cleaned up). Defendant has not shown Plaintiff acted in bad faith. Defendant's only evidence of Plaintiff's bad faith is that Plaintiff made an argument regarding his claims in a prior case, then afterwards Defendant "provided [information] at removal and throughout this case" which put Plaintiff on notice that position was "meritless." (Dkt. No. 39 at 4.) Defendant does not identify what this "information" consists of or why it would support a finding Plaintiff knew or should have known his claims were "frivolous." *See Soules*, 849 F.2d at 1185. So,

5

Defendant has not shown sanctions are appropriate.

## CONCLUSION

As explained above, the Court grants in part and denies in part Defendant's motion for summary judgment. Plaintiff agrees causes of action 2 through 4, and any remaining claims which derive from those causes of action, must be dismissed. Accordingly, the Court grants Defendant's summary judgment motion as to those claims. The Court denies Defendant's motion as to Plaintiff's Labor Code Section 1194 claim and claims which derive from that claim, as well as Defendant's demand for sanctions.

The Court sets a further case management conference for August 5, 2026 at 2:00 p.m. via Zoom video. A joint case management conference statement is due one week in advance.

This Order disposes of Docket. No. 37.

**IT IS SO ORDERED.**

Dated: June 26, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

6